Case number 173150, Sofonias Verdugo-Morales v. Jefferson B Sessions III. Argument not to exceed 15 minutes per side. Mr. Bonham, you may proceed to the petitioner. Good afternoon, Your Honors. I'm Zach Bonham for Mr. Verdugo-Morales, and I have reserved two minutes for rebuttal time. The reason why we're here today is because our client is entitled to pursue cancellation of removal. The Board had determined, pursuant to a 2001 conviction of the California Penal Code, that he had committed a crime of domestic violence. And because of that, he was not eligible for cancellation of removal. So there's two things we need to do here today. Number one is determine whether or not that crime was a crime of domestic violence. And two, what is actually the appropriate analytical tool to determine the first question. Now, there's three things we pointed out in our brief that we provided to the Court. First is that the categorical approach, which is the traditional approach, is not applicable in this situation because the California Penal Code elements of this specific statute are more broad than the generic federal offense. Secondly, even if you did apply the categorical approach, it would not match up because the California Code or the California elements of the crime are still more broad and there's extensive California case law on the issue of cohabitant. The third issue we brought up in our brief is the residual clause being unconstitutionally vague, and therefore it is incompatible with the categorical approach. I'm using the categorical approach because that is exactly what the Board used in this determination previously. Can I add a fourth question? Yes, Your Honor. What do you think about this Hayes case? I actually am very interested in the Hayes case. When I got that on the email, one, I couldn't open the email, so I was kind of freaking out at that point because I couldn't understand what you guys were looking for. But once I opened it and I reviewed Hayes and then Bianco and Hernandez-Zavala, I believe that is the approach that the Court should end up taking in this case. You should adopt the circumstance-specific approach? I would ask that you would adopt that, and if the Court did adopt the circumstance-specific approach, it wouldn't be favorable for my client. Doesn't it undercut the whole concept of the categorical approach? It does, Your Honor, but the thing that I believe it is Bianco and Hernandez-Zavala point out is that not every case is going to fit neatly into the categorical approach. There's going to be circumstances where a state statute is going to be more broad than what the generic federal offense had interpreted, and I believe . . . So then in every case, under your theory of the appropriate test, the Court would have to begin by looking behind? No, actually just the opposite, Your Honor. Again, I believe it was Hernandez-Zavala that said that you need to start with the categorical approach, and if the categorical approach applies, then still use that. I believe of the three cases that the panel asked us to review, each said . . . Well, it wouldn't be Hayes, but Bianco and Hernandez said that you need to start with the categorical approach because that is the most practical approach that we have. It prevents relitigating old cases, and it promotes judicial economy, and I agree with that. You should. If it matches up, we should absolutely use that, and if the modified categorical approach applies, we should use that. But what I think kind of got lost in the wash, and well, maybe more in Bianco and Hernandez-Zavala, is how do we move from the modified categorical approach to the circumstance-specific approach? Because the given analysis . . . Can I just clarify one thing on this, just to make sure you're arguing consistently with your client's interests? Yes, Your Honor. Just to make sure I'm getting your position on this. We have this initial question, categorical versus the Hayes approach, circumstance-specific, right? And your initial reaction was, Hayes looked good to you. You were okay with that. And I just want to make sure, before we finish that conversation, I understand why you think that. Let me tell you why I'm a little surprised by that answer. So under federal law, because what Hayes says is you look to federal law as to whether they had a domestic relationship, right? That's the whole point. And then when you look at the relevant federal statute, it says the couple is by an individual, your client, who is cohabiting with or has cohabited with the person as a spouse. That doesn't seem like a great definition for you. I would have thought you would . . . because that's your client. Actually, it's a fantastic approach, Your Honor. Okay, go ahead. If you look at the board's decision in this case, it points to people versus Jackson. People versus Jackson identifies only two elements for the California Penal Code Section 273.5, and that is that there is a direct contact. Let me make sure I use the correct terminology. There is the direct use of force, and it causes an injury. We're talking about the nature of the relationship right now. Correct, but we have to start there, and then we get to the nature of the relationship. Because if you look at Hayes and you look at Bianca . . . Your spouse was living with his girlfriend at the time. They weren't spouse. No, he was living with his girlfriend. Correct. Okay. This is what the federal statute says, who is cohabiting with or has cohabited with the person as a spouse. In other words, like a spouse. It's that kind of a relationship. Yes. Not that they were technically the spouse. That's how I'm reading it.  I think we're just talking in the night here. All I'm talking about is the federal statute. Pretend there is no California law on this. The point of Hayes is to look to federal law to figure out whether you have the relevant domestic relationship. I'm telling you that 1227A2E does not look helpful to you unless I'm misreading it. Have you looked at this statute? Do you know what I'm referring to? I have looked at the statute, Your Honor. Why do you think that statute is good for you? Well, one, my client and his girlfriend were not a spouse. They weren't cohabiting as a spouse. I don't think they meet the federal standards. Even more than that, though, part of that statute says individual with whom the person shares a child in common. Correct. Now, if I understand the record, your client and his now wife, then girlfriend, had had two prior children who were living in Mexico with his mother-in-law, right? The dates of those children's birth I'm not familiar with, Your Honor. Well, it was prior to 2001, but they clearly are children of your client and his present wife, then girlfriend, right? Correct. So they were clearly, he and the girlfriend shared a common child. So that fits the federal definition even beyond as a spouse or not. It was clearly a domestic relationship, wasn't it? It would depend on, I don't know if it would still be a domestic relationship, but it would meet at least the definition of there being a child in common. But, again, I don't know the dates of those children's birth, so I can't comment. But you know they're older. You know they're older than the new child that was born. Subsequently, because they're living, they did not come with them. They remained with the wife's mother in Mexico. Correct. So they'd obviously had a relationship that resulted in two children. I would have suspected as much, but I didn't know for sure. It doesn't matter. Their ages are irrelevant. It's just they shared a child at the time of the crime that he pled guilty to in 2001, right? It would assume that way, Your Honor. So why doesn't that cook your goose? Well, it also goes back to the question that Judge Sutton had for me. It was regarding living as a spouse under the federal statute, looking purely at the federal statute. There are alternative ways of establishing it. Correct. You're in trouble if any of them establish it. Understandable, Your Honor. So whether or not the circumstances-specific approach is in my favor, because it sounds like the court is not. My recommendation is to – we just put this on the table, whatever it was, a week ago. And maybe it's appropriate for you to just think a little bit more about it. And if you want to amend your answers with a letter brief, you can. And if you do, the government can respond. But I guess I'm inclined to have you shift to where Judge Stranch was leading you to the categorical versus non-categorical or modified categorical approach, which was what was briefed. Maybe we should talk about that. Unless you have other insights. If you have insights that help your client, we're glad to hear them. I just don't want you to say things that might be something you should think a little more about. I appreciate that. The only other thing that I would have mentioned, as far as back in 2001, had the situation been different? Had my client been living with a man? Would the federal statute still come into play? If he had come in illegally and there had been a dispute with another man that he had been cohabitating with, would the result have been the same? And I don't know what the answer to that would have been. It's just a question that I would pose to the court. What if the circumstances were different in that regard? To move to Judge Stranch's position or question regarding the categorical approach, there's been debate between us and the government whether or not the issue of the California Penal Code has elements regarding what is required. The elements remains. The elements remains. If you use the categorical approach and you take the position that the different relationships are elements, then categorically the California Penal Code, Section 273.5, doesn't match up with the generic federal offense. What's your best California case for showing that those are elements as opposed to means? There wasn't anything on point that we could find that would necessarily delineate whether they were elements or means. I believe it's a pattern jury instruction, but I may be incorrect. It may have been just a jury instruction in one of the cases. Doesn't that, in fact, have a parenthetical that allows the court to select among those different relationships, which has to indicate, doesn't it, that they are all means to satisfy one element as opposed to different elements? Because you get to choose one. If they were all elements, you would have to have them all, right? If you have a divisible statute, and taking the pattern jury instructions that you're referring to, I believe they came out of Morales-Garcia, it does have the parenthetical. You can select the correct relationship that applies, but that is the exhaustive list. If we looked at the case that we had provided, if you have an exhaustive enumerated list, that shows that there's an inference that it was a divisible statute. This is the only way to meet that. I guess I'm struggling with that because if it is a list that is ABC and you have to satisfy all of those, then I could understand the concept being elements. But if you have a, here's a little group, choose which one you fit into, then isn't that, in fact, a choice among means to establish one element? Well, I wish we had a case law from the Ninth Circuit that went over that and gave it to us because there was nothing that necessarily said it was elements or necessarily was means. That's, I guess, part of the reason why we're before you today. We have nothing discernible on that issue. But under the belief that they are elements, the fact that... It makes no sense to be elements. I mean, you can't be a spouse, you can't be as a spouse, you can't be someone who you share a common child with. I mean, it couldn't be that you have to do all of those things in order to have a domestic relationship. It sounds like to have a domestic relationship, you just have to have one of those things. Well, I believe there's an example that we had from Justice Kagan from the Supreme Court regarding burglary from a building or burglary from an automobile. And that was determined that the modified categorical approach needed to be used in this situation because you could either commit a burglary from a building or from an automobile, not necessarily both. So to your question, Your Honor, no, you may not be someone cohabitating as a spouse and you may not also at the same time be someone with a child in common. But the fact that there are multiple ways to commit the same crime as Justice Kagan had, that shows that this is a divisible statute and that the modified categorical approach would have been the appropriate analytical tool to use to determine whether or not it was a crime of burglary in that case. All right. Thank you. Thank you, Your Honor. Mr. Robbins. May it please the Court, I'm Jonathan Robbins here on behalf of the Attorney General. Good afternoon to all of you. The primary issue in this case is whether the Board correctly determined that Petitioner was ineligible for cancellation of removal for having been convicted of a crime of domestic violence. And I know the Court issued a letter asking the parties to be prepared to address the Supreme Court's decision in the United States against Hayes, the Fifth Circuit's decision in Bianco against Holder, and the Fourth Circuit's decision in Hernandez-Zavala against Lynch. In your letter, you said, well, if we lose under the categorical approach, we suggest you use this circumstance-specific approach. The question I have for you is that's a very – it seems like a strange answer to me. It seems like the first question is which comes first. Hayes told us that you used the circumstance-specific approach. This is a similar statute. And the reason Hayes – they weren't just making this up. It was the word element. That was the key textual point. We have a similar textual point with this statute. So I would have thought we have to start with the Hayes approach here. But maybe I'm wrong. Well, the Board actually has a public precedent. I mentioned in the 28-J letter where they said essentially the same thing in matter of H. Estrada. So it's not an alternative if you lose under the categorical. It's the first thing you're supposed – it's the approach. It's circumstance-specific or not when it comes to defining the domestic relationship. It does. So, I mean, I would concede that the Board here made things harder than it had to be. This particular statute happens to be a categorical match to the federal statute, and they did not apply the circumstance-specific approach. They did apply the categorical approach. My colleague mentioned that that sometimes promotes judicial economy. Sometimes if you have cases where you determine that something is categorical, for example, if this statute, because it's categorical, it will necessarily always meet the circumstance-specific test. So I agree that the Board made things maybe harder than it had to be, but it's not technically incorrect to say that this statute happens to be a categorical match to the federal provision. It is. And their rationale for doing so was to basically follow the categorical approach. Are we – you know, one thing I hadn't thought of before, because the Board relied on the categorical approach, does Chenery require us to only review that approach? Are we kind of stuck here? Well, that's why we certainly were stuck briefing it in that way, I think. But I'm not sure. But I'm right. Chenery applies just the way it normally applies to the Board. If you – we can only review the decision they made, and we either think it's wrong and say try this again under the circumstance-specific, or we could say, well, we don't think this is the way you should normally do it, but it so happens it works under the categorical. The answer to that question varies from circuit to circuit, and I'm not 100% sure about this circuit. I wanted an easier answer. Well, the futility is often considered an exception to Chenery. So I believe in this case it would be futile to remand for the circumstance-specific approach since there's no dispute in this case as to who the victim was. Everybody agrees it was Petitioner's then-girlfriend who is now his spouse. I'm right in thinking Chenery would – we should be thinking about Chenery when we think about what to do. You agree with that? I do agree with that, although you should also be thinking about potential exceptions to Chenery as well. But nevertheless, the board applied the categorical approach here. That was correct. It is a dispositive rationale for resolving this case, and so that's the rationale that I think the court should look to. And in that regard, the board's rationale is essentially split into two sort of steps. First, whether this is a crime of violence under Title 18's USC Section 16A. There's no dispute in this case that this qualifies as a crime of violence. They've waived that in their briefing with good reason, I think, because the statute itself defines traumatic condition, and that seems to implicate the type of physical force that's necessary to render this a crime. Why was it a guilty plea to a misdemeanor as opposed to a felony? I don't know why. We don't have the record of proceedings other than the guilty plea. I don't know if it was the result of a plea bargain. I'm not sure. All we have in the record is that it was. So the big argument here is that the categorical approach doesn't really work because the California definition seems to be broader than the federal one. Well, that's with respect to the domestic relationship. That's essentially the second part of the test. I get it, yeah. And the rationale that the board gave was essentially to rely on the Ninth Circuit's decision in Carrillo against Holder, which examined this precise issue, specifically under this California law, which had addressed the issue of what cohabitance means. And the Ninth Circuit noted that in California case law, they'd examined that term cohabitant and explained that it includes or that implicit in it is a spouse-like relationship. So there was no danger that the definition of cohabitance would implicate a platonic relationship, which would render that overbroad with respect to the federal definition at Section 1227. We think that rationale is persuasive, and we think that the board was correct to rely on it. So there's no danger here that the way that Petitioner wants to interpret cohabitance would be implicated by the California statute in this case under California Penal Code Section 273.5a. If you were to disagree with that, then that would essentially – Petitioner wants to get us to the modified categorical approach, but I think under U.S.A. against Hayes, that's wrong. If you were to disagree with the Ninth Circuit's rationale and disagree that this is a categorical match, then I think you would be stuck with the circumstance-specific approach under Hayes. And Your Honor has alluded to this in your argument with my colleague. If it becomes a circumstance-specific case, it's open and shut because there's no dispute about who the victim is here, and it clearly falls within the definition of the federal statute. I would disagree with my colleague that Hayes is a fantastic case. I think it really significantly hurts their case and forecloses it if we get to the circumstance-specific approach. There's also – Is the distinction perhaps related to whether there is a domestic violence provision in the state act that can then be compared to the federal act and the circumstance-specific may be more functional where there is no state reference to domestic violence? I think that's true because, of course, remember, this case is different than the cases in Bianco and Hernandez-Zavala and Hayes because those – And Estrada also? Yes, which were – in those situations, the individual was convicted under general assault or battery statutes, which is often in many states, and certainly at the time this provision was enacted, I think it was about two-thirds of the states that didn't have specific domestic violence laws. So people would be charged under general statutes, and so there the circumstance-specific provision would really be important because you don't have as an element of the offense a domestic relationship like you do with respect to this California statute. Because this California statute has the domestic relationship as an element, it almost – it makes sense to apply the categorical approach because if you resolve that in court and it gets resolved that that case is always categorically a match, you don't even have to look at the specific circumstances of each individual case. Anytime somebody gets convicted under the statute. I'm struggling a little bit with if we applied this circumstance-specific standard that it wouldn't really overwhelm almost the approach that DeCamp and Mathis have tried to use to avoid asking courts to always lift the veil and to try to figure out what happened below, which you've been here long enough to know is an absolute morass. Yes, I would agree with that. So why would that be the first thing that you would do? Well, I don't know that it's ever really been made clear that you can't apply the categorical approach if the circumstance-specific approach applies. I don't know that that's a question that's been answered. I certainly understand the impulse to want to avoid the categorical approach if it's possible, and certainly the board could have made it easier here if they did that. But if the board wants to do it. It might be that we prefer to avoid the circumstance-specific approach. I don't think you can avoid the circumstance-specific approach based on Hayes because the statute itself says that when it's referencing the domestic relationship, it says committed by. So I think under Nijuan and under United States against Hayes, I don't see how you could get around the circumstance-specific approach if that's where the case turned. It leaves open an incredible number of variables. I mean, we could have a lien problems. Who is in charge? Is it the judge or jury who is in charge of making those kinds of determinations? Well, I think that was resolved by the Supreme Court in Hayes and Nijuan where they said it has to be a clear and convincing evidence and that the alien has multiple opportunities to actually address that. I think Hernandez-Zavala and Bianco also addressed this. With this particular statute, you're only left with one real threshold question, which is what is the domestic relationship? If you were to remand this case, in this case, to apply the circumstance-specific approach, I mean, essentially the trial is one question. Who is the victim? It's already of record. Right. So I think that that concern isn't really relevant with respect to this particular statute. So, yes. Does Chevron apply to the question of whether you apply the circumstance-specific or categorical? I think it would. Because the board has published precedent interpreting the federal provision, right? So in matter of H. Estrada. But they didn't follow that precedent here. Your Honor, I know. The board wanted to do it this way. But why is it not distinguishable? All of those cases have no domestic relations provision in the state statute. Is that a driving distinction that the board has made by only authorizing the circumstance-specific analysis in cases that lack a domestic violence provision in the state? Well, I don't know that they've exclusively said it, but I think it's possible to infer that based on what they did here. I don't know that it's specifically spoken to that direct point. I don't think it's spoken to that direct point in matter of H. Estrada because they weren't dealing with a statute like we have here where the domestic relationship is an element. But based on their decision here, I would say that's a pretty reasonable inference that maybe that is a distinction that is important to them. But the bottom line is we don't have to go there. Correct. Your friend mentioned divisibility, indivisibility towards the end. Is that something we have to worry about? You know, I think I might have followed them down a rabbit hole that I didn't need to there. I don't think the court has to really deviate from the Ninth Circuit's rationale in Carrillo where you have to compare the elements with respect to crime of violence, but I don't think you really have to get into the divisibility of the relationship because it's not an element in the federal statute, right? Well, that just assumes circumstance-specific is the right approach. That assumes Hayes is right here. It does, Your Honor. Which you told us we didn't have to because of Chenery. I mean, I take your point, Your Honor. I mean, this is the way the Board chose to do it. I'm trying to defend the way the Board chose to do it. No, no, no. I mean, you made the harmlessness futility point correctly. There's only three minutes left. We didn't really get to talk about the void for vagueness argument. Well, first of all, we would suggest that the statute itself isn't vague. I think it's pretty clear here what the statute is trying to do when it has this catch-all line. Are you allowed to say the categorical indivisibility approaches are vague? I'm choking a little bit because I find them very painful. They are quite painful. But, you know, petitioners are trying to make this seem like the residual clause at 16B that was at issue in Johnson, putting aside the fact that that's at issue before the Supreme Court now. I don't think that this is really – you don't even have to wait for it to arrive because this particular statute doesn't implicate that same problem because under Hayes, right, Johnson implicates the categorical approach. So they were looking at, in that case, at what is the – they were comparing the conduct in the ordinary case of a crime, which is, in itself, what does that even mean? It certainly lacks the precision and detail that you would expect for a course to be able to apply that consistently. And they were comparing that to the – how much serious risk, what is the potential serious risk of harm or injury, which itself is another vague – so there's a lot of lack of precision. There's not really any lack of precision in this statute. Petitioners seem to be suggesting that the fact that it might be ambiguous with respect to certain issues would render this void for vagueness. But ambiguity doesn't render things void for vagueness. Otherwise, you wouldn't have any statutes left in the code. You wouldn't need a rule of lenity either. Right. You know, it just strikes me, looking at the big picture, isn't it sort of strange that the government is trying to deport this man 16 years later when he committed an offense against a victim who is now his wife and it was only a misdemeanor? He wasn't even jailed, was he? Wasn't he put on probation in 2001? Why is the government trying to get rid of this man now? Well, I mean, when they filed – DHS filed a notice to appear. I'm not quite sure what the timing was with respect to his criminal conviction. But at the end of the day, if somebody's been convicted of a crime of domestic violence, they can't – their statute – I can understand if he's committed five crimes more recently and they say, but as far as the record shows, he hadn't done anything else since 2001. The victim is his wife. I'm not sure what DHS's – what their discretion was in instigating procedures in this case. I'm not sure what the rationale behind it was. But at the end of the day, the petitioner is removable and is ineligible for the relief that he's seeking to get relief from that removal. I don't know that I have much more to say on it than that, Your Honor. I have about 30 seconds left. Unless there are any further questions which the Court is interested in, I'll simply rest. No, we appreciate your answers and thank you for trying to answer our questions. Thank you very much for your time, Your Honors. Okay, Mr. Bonham. Just two things I want to touch on that were brought up just a moment ago that Judge Gilman brought up. Why are you deporting someone 16 years after the fact on something – my client spoke little to no English. There was an argument that he had with his wife. No one was touched. No one saw any medical personnel. It was a verbal argument. My client went to court, and the prosecutor told him, if you fight this, you're going to go to jail for three to six months. If you don't fight it, then you're going to get probation, some fines, and you're going to go home. What are you going to do? He said he pled guilty, no attorney, went home. What we want is an approach that is fair. My client has lived here. He has not committed any other offenses. He's had children here. What we need is a fair approach. What we have at this point is not a fair approach. Those circumstances should be taken into consideration by this panel and any panel that has to review a situation like this. There is a humanitarian aspect to it, and I would like the court to take that into consideration. The only thing – I know I'm short on time – that I wanted to bring up is that Judge Sutton, you asked, can we even address the circumstance-specific approach because the board never even mentioned it. Let's just go with that theory for a second. Say we have to stay with the categorical or modified categorical approach. If we were going to stay there, I would ask the court to look to the – this is a reasonable reasoning from Morales-Garcia from the Ninth Circuit. Although they're looking at a crime of moral turpitude as opposed to a crime of domestic violence, we're talking about the exact same California statute with the exact same federal statute. In that case, the court said that you can't say this is categorically a crime of moral turpitude because the class of victims is far too wide. I wonder how we have that logical step that, on one hand, this can't be a crime of moral turpitude. The class of victims is too big. But on this hand, we can say this is definitely a crime of domestic violence because the class of victims is just right. I think there's an inherent illogical – I see I'm out of time. May I finish my statement? Yeah. Thank you. That needs to be resolved. In the Carrillo case, it gives lip surface to Carrillo or it gives lip surface to Morales-Garcia and just says, man, we're not going to follow that. I would ask that the court, like I said, take it in the humanitarian aspect and take in the Morales-Garcia decision. Thank you. Mr. Baum, thank you. On this circumstance-specific, why don't we leave it, given the way you just argued this, that the assumption is that Hays is not helpful to your client. Let's leave it with that as the assumption. If you think otherwise, that there's a way in which Hays helps your client, you're free to file a letter brief in the next couple days. I'm going to follow that advice. Does that make sense? Yes, it does, Your Honor. All right, good. Thanks to both of you for your helpful arguments. We appreciate the briefs and your answers to our questions. The case will be submitted, and the clerk may call the next case.